### In the Matter of the Conditional Admission of Bar Applicant No. E03070, Harlan L. VONDERSAAR.

#### No. 94S00–1203–BL–183.

Supreme Court of Indiana.

Oct. 1, 2012.

### PUBLISHED ORDER REVOKING CONDITIONAL LICENSE TO PRACTICE LAW

Harlan L. Vondersaar ("Respondent") was conditionally admitted to the Indiana bar on May 16, 2011, pursuant to terms and conditions established in a consent agreement with the State Board of Law Examiners ("Board"). The agreement required, among other things, that Respondent refrain from the use of alcohol, have no arrest for any criminal offense, and have "no alcohol related incidents" for a period of three years from the date of his admission.

Less than five months later, Respondent was arrested for (and later pled guilty to) Operating a Vehicle While Intoxicated, having registered a blood alcohol content of .31 at the time of his arrest. As a result of Respondent's violation of his consent agreement, this Court granted the Board's petition that Respondent be suspended from the practice of law for a period of ninety (90) days, with automatic reinstatement to conditional admission thereafter.

During the period of Respondent's suspension, the Disciplinary Commission ("Commission") intervened and filed a "Petition for Permanent Revocation of Conditional Admission to Practice Law or, in the Alternative, Rule to Show Cause Why Attorney Should Not Be Held in Contempt" ("Petition"), which is the matter now before us. We issued an order on August 30, 2012, staying Respondent's automatic reinstatement pending further action. Respondent subsequently has filed a response to the Petition, and the Commission has filed a reply to that response.

The Commission's Petition alleges (with supporting evidence attached) that Respondent continued to practice law during the period of his suspension. In his response, Respondent admits the Commission's allegation and self-reports another violation.

Respondent has been given repeated opportunities to conform his behavior to the standards required of those seeking admission to our bar but has failed to meet those standards. Accordingly, the Court finds that Respondent's conditional admission to practice law in Indiana should be revoked.

"A conditional admittee whose conditional admission has been revoked ·by the Supreme Court shall not be readmitted, except upon a new application and examination, after the expiration of the revocation period set by order of the Supreme Court." Indiana Admission and Discipline Rule 12 § 10. Although the Commission's Petition seeks permanent revocation, we find that Respondent should not be completely denied the opportunity to reapply for conditional admission.

Accordingly, the Court finds that the Commission's Petition should be GRANTED IN PART. The license of Harlan L. Vondersaar to practice law in Indiana should be, and hereby is, REVOKED, effective immediately. Further, Respondent SHALL NOT SUBMIT a new application for admission to the Bar of Indiana for a period of **eighteen (18) months** from the date of this order.

The Clerk is directed to provide notice of this order in accordance with Admission and Discipline Rule 23, section 3(d), and to provide the Clerk of the U.S. Court of Appeals for the Seventh Circuit, and the clerks of the U.S. District Courts and U.S. Bankruptcy Courts of this state, with Respondent's personal and business addresses.

In addition, the Clerk is further directed to send copies of this order to Respondent; to Bradley Skolnick, Executive Director of the State Board of Law Examiners; to G. Michael Witte, Executive Secretary of the Disciplinary Commission; to Terry Harrell, Executive Director of the Indiana Judges and Lawyers Assistance Program; to the Office of Supreme Court Administration; to LexisNexis; and to Thomson Reuters for publication in the bound volumes of this Court's decisions. The Clerk is also directed to post this order to the Court's website.

All Justices concur.